IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| TITAN DEVELOPMENT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | JURY DEMANDED |
| FIRST AMERICAN TITLE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff, Titan Development, LLC ("Titan"), sues First American Title Insurance Company ("First American") and for its cause of action states as follows:

**I.      PARTIES, JURISDICTION, AND VENUE**

1. Titan is a Tennessee limited liability company with its principal place of business located at 165 W Broad Street, Cookeville, Tennessee 38501-2471, which is part of Putnam County, Tennessee.

2. First American is a Nebraska corporation with its principal place of business at 1 First American Way, Santa Ana, California 92707, which is part of Orange County California. First America may be served with process via its registered agent, Corporation Service Company, at 421 West Main Street, Frankfort, Kentucky, 40601.

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The property at issue in this dispute is part of Scott County, Kentucky, in the central jury division.

## II. BACKGROUND

5. Titan repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if set forth herein.

6. Titan is the owner of approximately 38 acres of real property located at 2212 Cynthiana Road, Georgetown, Kentucky 40324 (the "Property"), which is covered by a title insurance policy, policy number 5011421-0055868e, issued by First American (the "Policy"), attached hereto as **Exhibit 1**.

7. The Policy is dated November 27, 2017 and is in the amount of $1,158,750.00.

8. Titan purchased the property for $1,158,750.00 on or about November 22, 2017.

9. The title search conducted by First American failed to note the existence of restrictive covenants that encumbered the Property.

10. Titan worked to secure permits and finalize construction plans for a residential subdivision on the Property from November 2017 until approximately June 2018.

11. In June 2018, Ball Homes, LLC ("Ball Homes"), a perspective buyer, contacted Titan about purchasing the Property.

12. On July 18, 2018, Titan entered into a contract to sell the Property to Ball Homes, for $1,900,000.00, including a transfer of all permits and access to all related construction plans.

13. On August 14, 2018, Ball Homes informed Titan that it discovered restrictions that encumber the Property, and that said restrictions would not make the project economically feasible for Ball Homes.

14. On August 16, 2018, Ball Homes terminated the purchase agreement "primarily if not solely because of the onerous and problematic restrictive covenants we uncovered, which

were not reflected on the title work and other materials provided." The August 16, 2018 letter is attached hereto as **Exhibit 2**.

15. The restrictive covenants at issue are the Declaration of Covenants, Conditions, Restrictions, Reservations and Easements For Barkley Meadows Subdivision, of record at MC29, Page 777-792, recorded in the Scott County Register of Deeds office on July 11, 2006, and the Amendment to Declaration of Covenants, Conditions and Restrictions of Barkley Meadows Subdivision Scott County, Kentucky, of record at MC39, Page 540-541, recorded in the Scott County Register of Deeds office on August 25, 2014 (collectively the "Declarations"), attached hereto as **Exhibit 3**.

16. Titan did not previously know that the Declarations applied to the Property and said Declarations were not disclosed on the title report conducted by First American at the time Titan purchased the Property.

17. Titan promptly notified First American of the Declarations and its resulting loss of the ability to sell the Property to Ball Homes. A true and exact copy of the notification letter is attached hereto as **Exhibit 4**.

18. On October 16, 2018, First American admitted that the claim was covered under the Policy and accepted the claim. A true and exact copy of the letter accepting the claim is attached hereto as **Exhibit 5**.

19. Pursuant to the Policy, First American is liable for loss or damage not exceeding the amount of insurance or the difference between the value of the title as insured and the value of the title subject to the risk insured against by the policy. *See* **Exhibit 1**, Sect. 8.

20. First American retained an appraiser to determine the difference between the value of the title as insured and the value of the title subject to the Declarations.

4424079.2

21. The appraisal set the value of the title as insured as $1,219,500 and the value of the title subject to the risk insured against as $1,334,000. Put differently, First American's appraiser unreasonably asserts that encumbered land is more valuable than unencumbered land.

22. First American seized on those unreasonable claimed values and asserted that there is no loss or damage resulting from the existence of the restrictive covenants and thus no coverage under the Policy. The January 15, 2019 letter denying coverage is attached hereto as **Exhibit 6**.

23. Titan obtained an independent appraisal of the value of the title as insured. The Kentucky Certified General Real Estate Appraiser hired by Titan determined that the appraised value of the title as insured is $1,900,000.

24. The value of the title as insured should be $1,900,000, rather than the $1,219,500 value alleged by First American.

25. The price of $1,900,000 is a particularly appropriate value of the title as insured, as Titan would have sold the Property for that amount but for the existence of the Declarations.

26. Titan informed First American of that appraised value of the title as insured and asserted that even if Titan accepted First American's purported value of the title subject to the risk insured against as $1,334,000, Titan's damages under the Policy are not less than $566,000.

27. Titan has satisfied all conditions precedent to payment under the Policy.

28. Despite Titan notifying First American of its claim and making a demand for payment under the terms of the Policy, First American has not made any payment to Titan for its covered loss.

29. Instead, First American maintains the unreasonable position that encumbered land is more valuable than unencumbered land.

### III. CAUSES OF ACTION

### BREACH OF CONTRACT

30. Titan repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if set forth fully herein.

31. First American has conceded that the Policy does not contain an exception for the Declarations and that the loss or damage to Titan is a covered matter under the terms of the Policy.

32. Pursuant to the terms of the Policy, First American is obligated to pay the claim.

33. First American has failed to pay amounts owed to Titan under the Policy for its covered loss, relying on an unjust and unreasonable appraisal of the value of the title as insured to avoid making payment to Titan.

34. First American has breached the Policy by refusing to pay Titan in a timely or appropriate manner for Titan's covered loss.

35. As a result of First American breaching the Policy, Titan has been damaged in an amount not less than $566,000, plus interest and attorney fees.

WHEREFORE, Titan respectfully requests:

1. That this Court grant judgment in Titan's favor and against First American in the amount of not less than $566,000.00 for breach of contract, plus pre-judgment and post-judgment interest and attorney's fees;

2. That all costs of this action be assessed against First American;

3. That all issues be tried by jury; and

4. That Titan be awarded such further relief that this Court deems appropriate.

Respectfully submitted this 14th day of November, 2019.

        WOOLF, McCLANE, BRIGHT,
        ALLEN & CARPENTER, PLLC


        By: s/Dean T. Howell_____
           Dean T. Howell, KY BPR No. 95816

        Post Office Box 900
        Knoxville, Tennessee 37901-0900
        (865) 215-1000
        dhowell@wmbac.com

        *Attorneys for Plaintiff*